UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NORCAL HOMES INVESTMENT GROUP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MINERVA S. TAMAYO, RICARDO TAMAYO, and Does 1-X.<br><br>Defendants. | Case No. 12-cv-04938 NC<br><br>**REFERRAL FOR REASSIGNMENT WITH RECOMMENDATION TO REMAND CASE** |

Defendants Minerva and Ricardo Tamayo removed this unlawful detainer action to this Court on September 21, 2012. Not. Removal, Dkt. No. 1. Defendants allege this Court has jurisdiction under 28 U.S.C. § 1332. Defendants also claim that this Court has federal question jurisdiction over the action under 28 U.S.C. §§ 1334 and 157(b)(2), and the Fourteenth Amendment. Plaintiff's complaint, however, states a single unlawful detainer cause of action seeking damages less than $10,000, and the Tamayos are residents of California. Therefore, removal is improper.

Because the parties have not consented to the jurisdiction of a magistrate judge, under 28 U.S.C. § 636(c) this Court does not have authority to make a dispositive ruling in this case. The Court orders that this case be REASSIGNED to a District Judge. The

Case No. 12-cv-04938 NC
REFERRAL FOR REASSIGNMENT
WITH REC. TO REMAND

Court RECOMMENDS that the action be REMANDED to state court as defendants' notice of removal fails to establish federal subject matter jurisdiction.

## I. BACKGROUND

Defendants Minerva and Ricardo Tamayo reside at 352 Lilac Cir., Hercules, CA 94547 (subject property). Not. Removal, Ex. A (Complaint). On July 11, 2012, plaintiff Norcal Homes Investment Group, a limited liability company, sued the Tamayos in Contra Costa County Superior Court for failure to vacate the subject property. *Id.* Norcal alleges that it acquired the subject property on May 29, 2012 in a non-judicial foreclosure sale and by a validly executed and delivered Trustee's Deed. *See id.*, Ex. A (Trustee's Deed). On July 6, 2012, Norcal caused to be served on the Tamayos a three day notice to quit and deliver possession of the property. *Id.* Nevertheless, the Tamayos remain in possession of the property. *Id.* On September 21, 2012, the Tamayos filed to remove the suit to federal court. *Id.*

## II. STANDARD OF REVIEW

An action brought in a state court, of which the federal district courts have original jurisdiction, may be "removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule, a suit arises under federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (citation and internal quotation marks omitted).

Where no federal question exists, a federal court may permit removal where "the matter in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different states . . ." 28 U.S.C. § 1332(a). In addition, where brought on diversity of citizenship grounds, removal is proper only if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

28 U.S.C. § 1441(b)(2).

In the case of a removed action, a federal district court must remand the case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### III.  DISCUSSION

**A. The Court Lacks Subject Matter Jurisdiction Over This Action Under § 1331**

Here, the Court first considers whether the complaint raises a federal question. The single cause of action in plaintiff's complaint is for unlawful detainer based on California Civil Code Procedure § 1161a(b)(3). Accordingly, the claim does not arise under federal law. Although defendants reference 28 U.S.C. §§ 1334 and 157(b)(2) in the notice of removal, these statutes govern jurisdiction over cases under title 11, the bankruptcy code. As this unlawful detainer action arises under state law and not under the federal bankruptcy code, federal question jurisdiction fails on this basis as well.

Defendants next assert that removal is proper because "Defendant alleges a federal question of due process rights guaranteed by the Fourteenth Amendment to the United States Constitution arising from property interests and unlawful foreclosure by Plaintiff, who has unlawfully foreclosed the said real property." Not. Removal at 4. "Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). Here, plaintiff's complaint states only a claim for unlawful detainer and is not based upon any federal statute. The purported federal question alleged by defendants does not appear on the face of plaintiff's complaint, and therefore defendants cannot establish federal question jurisdiction.

**B. The Court Lacks Subject Matter Jurisdiction Over This Action Under § 1332**

The Court next considers whether this action can be removed based on diversity jurisdiction under 28 U.S.C. § 1332, which requires complete diversity in citizenship between plaintiff and defendants and that the amount in controversy exceed $75,000. *See*

28 U.S.C. § 1332(a).

Defendants allege that they are citizens of California and that Norcal is "not a citizen of California." Not. Removal at 3. Defendants, however, fail to allege the state of citizenship for each member of Norcal, a limited liability company. *See Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182 (9th Cir. 2004).

In addition, an action may be removed on diversity of citizenship grounds only where "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Here, it is undisputed that defendants are both citizens of the state of California. Not. Removal at 3.

Defendant also fail to meet the amount in controversy requirement. In unlawful detainer actions, "the right to possession alone [is] involved–not title to the property." *Litton Loan Servicing, L.P. v. Villegas*, No. 10-cv-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (citations omitted). Damages are therefore limited to the rental value of the property during the period of unlawful possession. *Id.* Plaintiff has asserted that the rental value of the property during the period of unlawful possession is $80 per day of unlawful detention of the property, which is less than $10,000. *See* Not. Removal, Ex. A (Complaint). Because defendants are citizens of the state in which the action is brought and the amount in controversy does not exceed $75,000, diversity jurisdiction cannot be established. *See* 28 U.S.C. §§ 1332(a), 1441(b)(2).

## IV.  CONCLUSION

As the Court lacks subject matter jurisdiction over this action, the Court recommends that the action be REMANDED to the Superior Court of California, Contra Costa County. The parties may object to this recommendation within fourteen days of the filing date of this order. Fed. R. Civ. P. 72(b).

IT IS SO ORDERED.

DATED: October 10, 2012

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 12-cv-04938 NC
REFERRAL FOR REASSIGNMENT
WITH REC. TO REMAND                    4